## Case No. 494.

### ANTRIM v. KELLY.

[4 N. B. R. 587, (Quarto, 189.)]

District Court, E. D. Missouri.

BANKRUPTCY—FRAUDULENT CONVEYANCE—IN-
DEBTEDNESS OF GRANTOR.

[A voluntary settlement upon his wife and children, made by a member of a firm financially embarrassed, may be set aside as fraudulent, although the debts of the firm existing at the time were subsequently paid in due course of business, where they were met by contracting other obligations, which resulted in bankruptcy.]

[Cited in Spaulding v. McGovern, Case No. 13,218.]

[In equity. Suit by the assignee in bankruptcy of the firm of Antrim, Sweet & Co., against Kelly, as trustee, and the wife and children of the bankrupt, Antrim, to set aside as fraudulent a conveyance made by Antrim to Kelly in trust for the wife and children of Antrim.]

It appeared that the firm of Antrim, Sweet & Co. had procured an extension of a part of their commercial paper for 60 or 90 days; that thereafter on May 15, 1867, Antrim, who owned real estate valued at $60,000, part of which was incumbered to the amount of $18,000 by deeds of trust made to raise money for the firm, conveyed part thereof valued at $20,000 to Kelly in trust for his wife and children. The firm met their suspended paper at maturity and all other debts until July 28, 1868, when they filed their petition in bankruptcy. The assignee brought suit to set aside the settlement, which the defendants alleged was executed when Antrim was solvent, and in fulfillment of a promise made when he purchased the property and before he went into business. Under the Missouri statutes a voluntary conveyance duly recorded, unless made with intent to defraud creditors, is valid as against subsequent purchasers and creditors.

THE COURT held that, since the obligations of the firm were met by assuming other obligations which resulted in bankruptcy, the conveyance should be set aside as a fraud on subsequent creditors, as it took away a large proportion of assets which should be applied to creditor's claims.